UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4493

ANTONIO L. SAYLES,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-1)

Submitted: May 27, 1997

Decided: August 25, 1997

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Miller Allison
Bushong, III, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio L. Sayles appeals his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). Pursuant to a conditional plea of guilty entered into with the Government and approved by the district court, Sayles specifically reserved appellate review of the district court's denial of his motion to suppress evidence seized by officers pursuant to a search warrant. Sayles argues that the district court erred in failing to exclude the evidence seized as violative of the Fourth Amendment because, he claims, probable cause did not exist to support the issuance of the search warrant and the officers did not rely upon the search warrant in good faith. We find, however, that the officers conducting the search properly acted in good faith reliance on the search warrant as enunciated in United States v. Leon, 468 U.S. 897 (1984), and its progeny. Accordingly, we conclude that the district court properly admitted the evidence seized, and we affirm Sayles' conviction.

Captain L. G. Dodson received a phone call informing him that an employee of Judy's Lock and Key had reported possible drug activity at Sayles' residence. After questioning the employee about what he had seen and on what he based his conclusions, Dodson prepared an affidavit. In the affidavit, Dodson stated that he had personally interviewed the informant, an employee of Judy's Lock and Key. Further, he explained that the employee, who had been dispatched to Sayles' residence to open a safe, stated that when he opened the safe, he saw money and what appeared to be crack cocaine. Dodson also included the fact that while the employee was retrieving a tool from his vehicle, Sayles removed all the contents of the safe. Additionally, Dodson noted that the Metro Drug Unit and Charleston Police Department had received several complaints about drug activity at Sayles' residence.

The magistrate reviewed the search warrant application and upon making a finding of probable cause, issued the warrant for Sayles'

2

residence. With the warrant, Dodson and other law enforcement officers executed a search of Sayles' residence and seized several firearms, $2470 in cash, and eleven plastic bags containing crack cocaine, weighing approximately 122 grams. Thereafter, a grand jury indicted Sayles for possession with intent to distribute cocaine base.

Sayles moved to suppress the evidence, and the district court conducted a suppression hearing. The district court heard testimony from the informant, who stated that he based his conclusion that what he saw in the safe was crack cocaine on what he had seen on television, in magazines, and in the news. Dodson testified that he concluded that what the informant saw was crack cocaine based upon the description given to him by the informant and based upon his training and experience. After hearing the testimony, the district court determined that there was probable cause to support the warrant and denied Sayles' motion to suppress.

Sayles then pleaded guilty to possession with intent to distribute, reserving the right to appeal the denial of his motion to suppress. The district court entered final judgment and sentence, and Sayles appeals. Sayles challenges the district court's finding that there was probable cause to support the search warrant. Sayles also maintains that the district court erroneously evaluated the existence of probable cause based upon the totality of the circumstances known to Dodson, instead of the totality of the circumstances presented to the reviewing magistrate. Additionally, Sayles claims that the officers did not rely upon the search warrant in good faith as defined by United States v. Leon, 468 U.S. 897, 923 (1984).

We turn first to consideration of the good faith exception to the exclusionary rule. See Leon, 468 U.S. at 925 (stating that reviewing court may proceed to good faith exception without first deciding whether there was probable cause to support warrant). In Leon, the Supreme Court stated that the good faith exception applied where the officer's reliance on the magistrate's determination of probable cause was objectively reasonable. Further, the Supreme Court outlined four situations in which the officers' reliance on a search warrant would not be reasonable: (1) The officers were dishonest or reckless in preparing the affidavit; (2) the magistrate acted as a"rubber stamp" for the officers; (3) the magistrate did not have a substantial basis for

3

determining the existence of probable cause; or (4) the officers could not have harbored an objectively reasonable belief in the existence of probable cause. Further, this court will not apply the good faith exception to save a bare bones affidavit unsupported by probable cause. See United States v. Wilhelm, 80 F.3d 116, 121-22 (4th Cir. 1996). Sayles maintains that the good faith exception to the exclusionary rule does not apply because the affidavit was bare boned and because the magistrate acted as a rubber stamp.

First, contrary to Sayles' assertions, we find that the affidavit provided the magistrate with a substantial basis for determining that there was probable cause. Cf. Illinois v. Gates, 462 U.S. 213, 238 (1983) (determining that where statement was merely conclusory, magistrate had no basis for finding probable cause). The affidavit contained more than a bare bones recital of conclusory statements. In the affidavit, Dodson stated that he personally interviewed the informant, explained in detail the circumstances by which the informant saw the suspected drugs, and included the fact that there had been previous complaints about drug activity at this residence. Without deciding whether the affidavit is sufficient to establish probable cause, we find that the facts and circumstances set out in the affidavit provided the magistrate with a substantial basis for determining that there was probable cause.

Next, we find that the magistrate did not simply"rubber stamp" Dodson's search warrant application. Sayles' complaints that Dodson did not present any additional information to the magistrate and that the magistrate did not ask any questions are unavailing. The magistrate sufficiently reviewed the affidavit and, upon determining that there was probable cause, issued the search warrant. Furthermore, because we find that the affidavit provided the magistrate with a substantial basis from which to conclude that there was probable cause, we conclude that the magistrate did not abandon his judicial role in issuing the search warrant. Cf. United States v. Wilhelm, 80 F.3d at 122.

As none of the exceptions to Leon are applicable in this case, we find that the district court properly denied Sayles' motion to suppress the evidence. Our conclusion that the good faith exception to the exclusionary rule applies in this case obviates the need to consider

4

whether probable cause supported the initial issuance of the search warrant. Accordingly, we affirm Sayles' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

5